IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                     CRIMINAL ACTION NO. 2:19-cr-00282-01

KEVIN LEE RAMSEY

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to Standing Order entered October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See

Amendment 825 to U.S.S.G. § 1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on January 26, 2024, this case was designated for Expedited consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States does not object as to Mr. Ramsey's eligibility for a sentence reduction based on Part A of Amendment 821. [ECF No. 64]. However, the United States notes that Mr. Ramsey's loss of good time credit for drug usage may warrant a denial of a sentence reduction.

On September 9, 2020, Mr. Ramsey was sentenced to 46 months of imprisonment and three years of supervised release for possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF No. 51]. His total offense level was 19. *See* [ECF No. 50]. He had a subtotal of five criminal history points in addition to two points for status pursuant to U.S.S.G. § 4A1.1(d), creating a total of seven criminal history points and a Criminal History Category of IV. *Id.* Following the

retroactive amendment to the Guidelines, Mr. Ramsey's status points would be eliminated, leaving him with a total of five criminal history points and lowering his Criminal History Category to III. Mr. Ramsey's guideline range would be 37 to 46 months.

The Court has carefully considered whether a reduction is appropriate under the facts of this case. The Defendant was convicted of a highly dangerous offense. While in BOP custody, he has had two disciplinary infractions for drug usage, one in 2021 and a second in December of 2023, which was just over one month prior to his original anticipated release date of January 25, 2024. Repeated infractions reflect a lack of deterrence and lack of respect for the law. I also highlight in this respect that Mr. Ramsey is only eligible for a reduction under Amendment 821 because of his misconduct. He was set to be released from BOP custody on January 25, 2024, before his repeated infractions led to a loss of good time credit and delayed his anticipated release date to March 6, 2024. I am hesitant to reward an offender's repeated misconduct while in BOP custody with a reduced sentence.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on September 9, 2020, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:    February 2, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE